IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEVRON, U.S.A., INC, | ) | |
| TEXACO, INC, and | ) | |
| TEXACO DOWNSTREAM LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 03-288C |
| v. | ) | (Chief Judge Damich) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO STAY OR,
IN THE ALTERNATIVE, FOR AN ENLARGEMENT OF TIME

Defendant respectfully requests that the Court stay the proceedings in this case, pending the Court's decision concerning defendant's motion for summary judgment in Sunoco v. United States, No. 02-466C (Fed. Cir.) (Damich, CJ). The Court issued a similar order in this case, upon a joint motion, pending the filing of motions for partial summary judgment motions in Sunoco. In the alternative, pursuant to RCFC 6(b), defendant respectfully requests an enlargement of seven days, from December 15, 2005 to, and including, seven days from the date the Court decides this motion, but not sooner than December 22, 2005. Plaintiffs' counsel has informed us that plaintiffs object to the request for a stay, but do not object to an enlargement of seven days, to December 22, 2005.

This is one of the approximately 30 "jet-fuel"cases now pending before ten judges of this Court. Five of these cases, including Sunoco, are before the presiding judge in this case (Chevron, Pride (04-1785C), Marathon (02-1218C), and Shell (04-1240C) are the others). The parties' attorneys in this case also are the attorneys in Sunoco (and in all but Shell from the above list). The complaints in these cases are virtually identical.

Thus far, defendant has filed two motions for summary judgment in these cases ( Hermes,

02-1460C, and El Paso, 02-1094C (Block, J)). We are scheduled to file three others on December 15, 2005 (Sunoco, Chevron, and Flint Hills v. United States (No. 02-462C)), and five more (not including reply briefs) between now and March 3, 2006. Since the filing of our two briefs before Judge Block, we have advocated filing one brief before each judge and staying any others pending before that judge. The six judges to whom we have presented that suggestion have agreed, regardless of objections. E.g., Williams (objection), Marathon and Shell (no objections). Judge Baskir did not agree in two cases in which plaintiffs objected, but did in two others in which plaintiffs did not object. A seventh judge, to whom one jet fuel case has been assigned, is considering whether to stay that case pending decisions by other judges (Sinclair v. United States, No., 02-464 (Baskir, J)). Other plaintiffs also have requested that their cases be stayed pending decisions by presiding judges other than those assigned to their cases, and the Court has agreed (Atofina (03-538C), Giant (03-291C), Kern (03-1623C)).

RCFC 1 requires that this Court's rules be “construed and administered for the just, speedy, and inexpensive determination of every action.” Because the complaints, the counsel, and presiding judge are identical in these cases, there simply is no reason to undertake duplicative filings. Should the Government prevail in Sunoco, for example, Chevron will have the same options as Sunoco, without having incurred the expense, i.e., Chevron can dismiss its case, it can explain why its case might be different, or it can seek to stay its case (and avoid further costs) subject to any appeal or reconsideration motion. Should Sunoco prevail, the Government would have similar options. What is important, though, is that both parties will know the decision of the presiding judge in their case with respect to identical issues. That logic already has prompted the presiding judge in this case to stay Marathon and Shell. The logic is

sound and equally applicable here.

In the alternative, we request a seven-day enlargement, because defendant's counsel has been required to devote his efforts to other cases pending before this Court and the United States Court of Appeals for the Federal Circuit, including the two other jet fuel cases scheduled to be filed on December 15, 2005. Among others, in the recent past, these matters include: preparing for and delivering an oral argument in AF v. Nicholson, No. 05-7092 (Fed .Cir.), a case to which defendant's counsel was assigned recently, due to the illness of a colleague; resolving mid-trial settlement negotiations in Remcon v. United States, No. 03-2478C, a case to which defendant's counsel recently was assigned due to the premature birth of a colleague's child; preparing for and conducting concluding internal and inter-party settlement discussions in Rocky Mountain v. United States, No. 04-1434, a case involving a complex regulatory scheme and complicated actuarial questions, in which the parties have been involved in an intensive alternative bilateral dispute resolution procedure under this Court's close supervision; preparing for and conducting settlement discussions in VT Halter v. United States, No. 05-369 (Fed .Cir.); participating in a myriad of status conferences and the filing of status reports in the jet fuel cases, and Rocky Mountain.

We ask for an additional seven days because, in addition to completing our brief in this case, and continuing the negotiations in Remcon and Rocky Mountain, defendant's counsel also most prepare an answer in Sinclair, and respond to and draft a discovery request in Halter. In addition, the agency officials assisting us in Chevron are the same officials assisting us in these other cases and have informed us that they will need additional time to collect the necessary materials for a summary judgment motion in Chevron.

For these reasons, defendant respectfully requests that the Court stay the proceedings in this case, until the Court issues a decision upon the Government's motion for summary judgment in Sunoco v. United States, No. 02-466C (Fed. Cir.) (Damich, CJ). In the alternative, defendant respectfully requests an enlargement of time from December 15, 2005 to, an including, seven days from the date the Court decides this motion, but not sooner than December 22, 2005.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Senior Trial Counsel
KYLE CHADWICK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 616-2311
Fax: (202) 353-7988

Attorneys for Defendant

OF COUNSEL:

BERNARD A. DUVAL
Counsel

HOWARD M. KAUFER
Assistant Counsel
Office of Counsel
Defense Energy Support Center
Ft. Belvoir, VA

December 13, 2005

CERTIFICATE OF FILING

I hereby certify that on December 13, 2005, a copy of the foregoing document was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Steven J. Gillingham