IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEVRON U.S.A. INC., and TEXACO INC., and TEXACO DOWNSTREAM LLC, Plaintiffs, vs. THE UNITED STATES, Defendant. | ) | No. 03-288C (Chief Judge Damich) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY**

Plaintiffs, Chevron U.S.A. Inc., Texaco Inc., and Texaco Downstream LLC (collectively "Chevron") respectfully submit their Opposition to Defendant's Motion to Stay. In its motion, Defendant seeks a stay of proceedings pending resolution of its motion for summary judgment in *Sunoco, Inc. v. United States*, No. 02-466C (Fed. Cl.) (Damich, C.J.). Defendant asserts that it contemplates responding to Chevron's Second Amended Complaint through a dispositive motion and that filing such a motion would be "duplicative" of its motion in *Sunoco*. (Def. Mot. at 1.) Contrary to Defendant's assertion, Chevron's claims are not duplicative of Sunoco's claims, and Chevron is entitled to proceed separately on its own claims.

Given the choice, Defendant undoubtedly would have all of the various plaintiffs challenging the government's military fuel prices "queue up" and Defendant would address each case one at a time during the indefinite future. Defendant's preference for delay, however, is not a basis for seeking a stay of proceedings. Defendant ultimately will file its motion for summary judgment here, regardless of the outcome of Defendant's motion in *Sunoco*, if for no other

reason than to seek to preserve the issues for appeal. Little will be gained, except delay, by postponing the filing of that motion until after Defendant's motion is resolved in *Sunoco*. Two other Judges of this Court have reached similar conclusions in rejecting Defendant's requests to stay proceedings in other similarly situated cases. *El Paso Corp. v. United States*, No. 02-1094C (Fed. Cl.) (Block, J.); *Hermes Consolidated Inc. v. United States*, No. 02-1460C (Fed. Cl.) (Block, J.); *Gary-Williams Energy Corp. v. United States*, No. 03-2106C (Fed. Cl.) (G. Miller, J.); *Berry Petroleum Co. v. United States*, 02-1462C (Fed. Cl.) (G. Miller, J.).

Moreover, because the Complaints here and in *Sunoco* both place the intent of the contracting parties squarely at issue, alleging, *inter alia,* misrepresentation, breach of contract and mistake, consideration of Defendant's request to dismiss these allegations requires separate consideration of the facts in each case. (*See* Second Amended Complaint at Counts II, III, & VI.) In addition, this Court already has held that Defendant's affirmative defense of waiver, upon which Defendant also seeks judgment, requires weighing of the facts specific to each case. *Sunoco, Inc. v. United States*, 59 Fed. Cl. 390, 398 (2004) ("[M]ost Circuit Courts of Appeal [have] concluded that waiver is a question of fact."). Once again, little purpose will be served by delaying separate consideration of the facts in this case while the Court considers different facts in *Sunoco*.

Finally, Defendant suggests that it will prevail on its motion in *Sunoco* and, therefore, it need not be troubled to file its motion here. (Def.'s Mot. at 2.) In this respect, Defendant's request for a stay, in effect, is an imprudent request for this Court to prejudge the merits of Defendant's motion in *Sunoco*, a motion for which the Court has not yet seen a response. Defendant may not seek to use a pending motion in a different case where the issues have not yet been joined as a basis to seek a stay of proceedings here.

For the foregoing reasons, Chevron respectfully requests that Defendant's Motion to Stay be denied.

Respectfully submitted,

s/J. Keith Burt
J. Keith Burt
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, DC 20006
(202) 263-3208 (phone)
(202) 263-5208 (fax)

Attorneys for Plaintiffs
Chevron U.S.A. Inc., Texaco Inc.,
and Texaco Downstream LLC

December 22, 2005