IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEVRON, U.S.A., INC,<br>TEXACO, INC, and<br>TEXACO DOWNSTREAM LLC, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 03-288C<br>(Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO STAY

Our motion offered what we thought was a practical suggestion for serving this Court's interest in securing the "just, speedy, and inexpensive determination of every action." See RCFC 1. We thought it offered the advantage of less time, less cost, and less confusion with no prejudice to any party. As recited in our motion, several judges and plaintiffs have agreed with our suggestion. Indeed, two cases now before the presiding judge in this case, Marathon v. United States, (02-1218C), and Shell v. United States, (04-1240C), have been stayed upon the basis of this suggestion. We noted that a few judges have elected not to stay their cases, although none has set forth his reasoning or suggested our idea was frivolous or lacked merit.

Plaintiffs' response does not engage the reasoning of our suggestion. Instead, it assumes that the suggestion is rooted in a generalized Government intent to cause delay. It does not explain why other plaintiffs, their counsel and judges of this Court might be tempted to adopt the suggestion or where our reasoning fails. Instead, the response asserts that we are merely serving our presumed preference to have all the cases "queue up." Opposition at 1. But, our suggestion was limited to judges who have more than one case brought on identical complaints by one

counsel. Accordingly, other than defendant's counsel requesting, and routinely being granted, reasonable times between due dates for filing our motions, our suggestion has been that the vast majority of cases proceed. Accordingly, we have scheduled, or are scheduled to file, motions before many judges and, ultimately, we expect that to be the case for all assigned judges.

Nonetheless, plaintiffs summarily assert that delay will ensue, but does not explain why; and, with fewer decisions for a judge to write, plaintiffs cannot. Plaintiffs also assert that each plaintiff has individual fact situations, but the premise of a dispositive motion is that there are no material facts in dispute; and the question is not whether we may file a motion for summary judgment it is whether we must file two motions for summary judgment. Accordingly, every judge to whom this argument has been raised has responded simply that, if there are contested facts, discovery will be allowed upon a proper showing, but has permitted the filing of our motion. In fact, in Hermes v. United States, 58 Fed. Cl. 409 (2003), Judge Block found waiver on uncontested facts.

Finally, plaintiffs contend that our motion "suggests" that we will prevail in Sunoco and, therefore, need not "be troubled to file its motion here." Opposition at 2. Our motion neither states nor "suggests" any such thing. In fact, it considers each of the possible outcomes and explains how a stay is the better course in each eventuality. Plaintiffs have not addressed that argument.

For these reasons, defendant respectfully requests that the Court stay the proceedings in this case, until the Court issues a decision upon the Government's motion for summary judgment in Sunoco v. United States, No. 02-466C (Fed. Cir.) (Damich, CJ).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Senior Trial Counsel
KYLE CHADWICK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 616-2311
Fax: (202) 353-7988

Attorneys for Defendant

OF COUNSEL:

DONALD S. TRACY
Trial Attorney
Defense Supply Center Richmond
Richmond, VA 23297

HOWARD M. KAUFER
Assistant Counsel
Office of Counsel
Defense Energy Support Center
Ft. Belvoir, VA

January 6, 2006

CERTIFICATE OF FILING

I hereby certify that on January 9, 2006, a copy of the foregoing document was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Steven J. Gillingham