# In the United States Court of Federal Claims

No. 03-288 C
(Filed: September 7, 2006)

| | |
|---|---|
| **CHEVRON U.S.A. INC., TEXACO INC., and TEXACO DOWNSTREAM LLC,**<br>Plaintiffs,<br>v.<br>**THE UNITED STATES,**<br>Defendant. | RCFC 56(f); continuance to permit additional discovery to respond to motion for summary judgment |

*J. Keith Burt*, of Mayer, Brown, Rowe & Maw LLP, Washington, DC, for Plaintiffs.

*Steven J. Gillingham*, with whom were *Peter D. Keisler*, Assistant Attorney General, and *David M. Cohen*, Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for Defendant. *Howard M. Kaufer*, Assistant Counsel, Office of Counsel, Defense Energy Support Center, Ft. Belvoir, VA, and *Donald S. Tracy*, Trial Attorney, Defense Supply Center, Richmond, VA, of counsel.

## OPINION AND ORDER

**DAMICH**, Chief Judge.

This case is one of a series of cases filed in the U.S. Court of Federal Claims pertaining to contracts for jet fuel. Currently before the Court is Plaintiffs' Motion Pursuant to Rule 56(f) of the Rules of the U.S. Court of Federal Claims ("RCFC") for additional discovery. The Court DENIES Plaintiffs' motion, but allows Plaintiffs to refile the motion in accordance with the appropriate standards for a Rule 56(f) motion.

On April 13, 2006, Defendant filed a Motion to Dismiss the Second Amended Complaint. In its motion, Defendant requests that the Court dismiss ¶¶ 47 and 48 of Count I for lack of

subject matter jurisdiction pursuant to RCFC 12(b)(1). Def.'s Mot. at 1-2, 31-35. Defendant further asks the Court to dismiss Count I (apart from ¶¶ 47 and 48), as well as Counts II-VII, because Plaintiffs fail to state a claim upon which relief can be granted under RCFC 12(b)(6). *Id*. at 1-2, 16-31. Alternatively, Defendant asks the Court to grant summary judgment under RCFC 56(b) on all Counts save ¶¶ 47 and 48 of Count I based on the legal theories of waiver or estoppel. *Id*. at 1, 3, 35-39.

On May 30, 2006, Plaintiffs filed a response to Defendant's motion, along with a Motion Pursuant to RCFC 56(f) to Refuse Defendant's Application for Summary Judgment or, in the Alternative, for a Continuance to Permit Discovery. Briefing on Plaintiffs' Motion Pursuant to RCFC 56(f) is now complete. In its motion, Plaintiffs argue that they have "not had an opportunity for discovery on any of [their] claims and, therefore, cannot present facts essential to justify [their] opposition." Pls.' Mot. at 1-2. Plaintiffs further contend that they have received no discovery relating to Defense Energy Support Center's ("DESC's") fuel contract files and have not yet obtained "all of the documents [they require], take depositions of key DESC witnesses or obtain any discovery from key third parties." *Id*. at 3. Plaintiffs then list the relevant paragraphs of their Second Amended Complaint and of Defendant's Proposed Findings of Uncontroverted Fact for which they seek additional discovery. Attached to Plaintiffs' motion is the Declaration of J. Keith Burt, which mirrors the motion in making a general statement regarding the need for additional discovery and listing the relevant paragraphs of the Second Amended Complaint and of Defendant's Proposed Findings of Uncontroverted Fact.

Summary judgment is inappropriate unless the parties have had adequate time for discovery. *Dunkin' Donuts of America, Inc. v. Metallurgical Exoproducts Corp.*, 840 F.2d 917, 919 (Fed. Cir. 1988) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)). When a party files a motion for summary judgment and the nonmoving party has not had the opportunity to discover information essential to oppose the motion, the motion should be denied. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986). The nonmoving party may respond to the motion for summary judgment by filing a motion under RCFC 56(f). RCFC 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.[1]

---

[1] RCFC 56(f) is identical to Federal Rule of Civil Procedure ("FRCP") 56(f), and interpretation of FRCP 56(f) informs the Court's analysis. *See* 2002 Rules Committee Note, Rules of the United States Court of Federal Claims (as amended June 20, 2006) (stating that "interpretation of the court's rules will be guided by case law and the Advisory Committee Notes that accompany the Federal Rules of Civil Procedure.").

Motions for additional discovery under FRCP 56(f) are generally favored and are liberally granted. *Theisen Vending Co. v. United States*, 58 Fed. Cl. 194, 197 (2003); *accord Jade Trading, LLC v. United States*, 60 Fed. Cl. 558, 565 (2004); *Gregory Lumber Co. v. United States*, 9 Cl. Ct. 503, 532 (1986). Nonetheless, in moving for relief under FRCP 56(f), a party must state with precision the material he hopes to obtain with further discovery and how that material will allow the party to oppose summary judgment and rebut any showing of the absence of a genuine issue of fact. *Simmons Oil Corp. v. Tesoro Petroleum Corp.*, 86 F.3d 1138, 1144 (Fed. Cir. 1996). "It is not enough simply to assert, à la Wilkins Macawber, that 'something will turn up.'" *Id*. The Federal Circuit has not set forth factors to be considered in evaluating motions for discovery under RCFC 56(f). In *Theisen Vending*, however, a five-part test for relief under RCFC 56(f) was established, based on precedent from other circuit courts:

> [T]he non-movant must by affidavit and supporting papers: (1) specify the particular factual discovery being sought, (2) explain how the results of the discovery are reasonably expected to engender a genuine issue of material fact, (3) provide an adequate factual predicate for the belief that there are discoverable facts sufficient to raise a genuine and material issue, (4) recite the efforts previously made to obtain those facts, and (5) show good grounds for the failure to have discovered the essential facts sooner.

58 Fed. Cl. at 198; *accord Jade Trading, LLC*, 60 Fed. Cl. at 565. This Court adopts the test set forth in *Theisen Vending*.

Defendant, in its response, argues that Plaintiffs' motion does not meet the standard set forth in *Simmons*, because Plaintiffs do not state with precision what materials they expect to obtain through additional discovery and how they expect the materials will allow them to rebut Defendant's motion for summary judgment. The Court agrees that Plaintiffs' motion does not comply with the standard established in *Simmons*, and further holds that the motion does not satisfy the test set forth in *Theisen Vending*. In several footnotes in their reply, Plaintiffs suggest that the additional discovery they require is directed to the issue of intent relevant to Plaintiffs' allegations of misrepresentation and mistake, and is required to support Plaintiffs' allegations of minority price preference and small business auction. *See*, *e.g.*, Pls.' Reply to Def.'s Mot. at 1 n.1, 3 n.4, 4 n.6, 6 n.11. It is not clear to the Court, however, how these requests for additional discovery pertain to Defendant's motion for summary judgment. Plaintiffs' minority price preference and small business auction causes of action (Count I, ¶¶ 47 and 48) are the subject of Defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1). Plaintiffs' misrepresentation and mistake causes of action (Counts II and VI) are the subject of Defendant's motion to dismiss for failure to state a claim pursuant to RCFC 12(b)(6). Discovery is not required for the Court to render a decision on a motion to dismiss based on lack of subject matter jurisdiction or based on failure to state a claim upon which relief can be granted. The sole grounds for Defendant's motion for summary judgment are waiver and estoppel. Accordingly, Plaintiffs' request for additional discovery should be focused on the issues of waiver and

estoppel. In their motion, Plaintiffs have not specified with particularity the factual discovery being sought and how that discovery can reasonably be expected to engender a genuine issue of material fact; nor have Plaintiffs succeeded in providing an adequate factual basis to establish that there are discoverable facts sufficient to raise a genuine issue. Therefore, Plaintiffs' motion fails under the first three factors laid out in *Theisen Vending*.

Plaintiffs also suggest that they require additional discovery to obtain DESC's contract files and to determine which versions of DESC's pricing clause were used in which contracts during which years. *See*, *e.g.*, Pls.' Reply to Def.'s Mot. at 7 n. 12, 8 n.13. On April 22, 2003, this case was stayed pending the Court's decision in *Sunoco, Inc. v. United States*, No. 02-466. The Court's order issued on that date stated that "The Parties shall engage in limited discovery . . . consisting of exchange of documents relating to the award and performance of the underlying fuel contracts." No further action was taken by the Court until more than two years later. On September 20, 2005, the Court lifted the stay to allow Plaintiffs to file an amended complaint in view of the decision by the U.S. Court of Appeals for the Federal Circuit in *Tesoro Hawaii Corp. v. United States*, 405 F.3d 1339 (Fed. Cir. 2005). The Court also ordered a joint status report in which Plaintiffs were to "state with particularity the scope and proposed time-frame" for any discovery they deemed necessary to respond to a dispositive motion by Defendant. In the Joint Status Report filed October 11, 2005, Plaintiffs stated only that discovery was needed with respect to "DESC's indexes and prices in the fuel contracts" and "negotiation, award and performance of the fuel contracts" in order to respond to Defendant's motion regarding Counts I-VI and that no discovery was required to respond to Defendant's motion regarding Count VII, the taking claim. J. Status Rep. at 14-16. Plaintiffs did not propose a time frame for that discovery. The case was again stayed from January 10, 2006, to March 13, 2006, to await completion of briefing on Defendant's Motion for Summary Judgment in *Sunoco*. Given the nearly three years that the Parties were under order to exchange documents relating to the award and performance of the fuel contracts, it is not clear to the Court why Plaintiffs are still not in possession of DESC's contract files, and have not completed the required discovery regarding "negotiation, award and performance of the fuel contracts." Plaintiffs fail to discuss the efforts they have previously made to obtain those facts and fail to show good grounds for their failure to have discovered the essential facts sooner. Plaintiffs, therefore, fail to satisfy the last two factors of *Theisen Vending*. Moreover, the basis for Defendant's motion for summary judgment is waiver and/or estoppel. Plaintiffs have not established how such discovery is relevant to Defendant's waiver and estoppel arguments or why it is necessary to allow Plaintiffs to respond to Defendant's motion for summary judgment.

Accordingly, the Court DENIES Plaintiffs' Motion Pursuant to RCFC 56(f) to Refuse Defendant's Application for Summary Judgment or, in the Alternative, for a Continuance to Permit Discovery. In view of the liberal treatment that the Court is to afford motions under RCFC 56(f), and because the size and significance of a case may be a sufficient ground for deferring decision on a motion for summary judgement to permit further discovery, the Court deems it appropriate to allow Plaintiffs an opportunity to refile their motion in compliance with the appropriate standards. *See* 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane,

Federal Practice and Procedure § 2741, at 428 (3d ed. 1998).

The Court hereby ORDERS Plaintiffs to file a Revised Motion Pursuant to RCFC 56(f) on or before **October 6, 2006**. In the motion, Plaintiffs shall specifically address each of the factors set forth in *Theisen Vending*. Plaintiffs shall provide a factual predicate for the belief that there are discoverable facts sufficient to raise a genuine issue, shall state with particularity the additional discovery that is required to respond to Defendant's motion for summary judgment, and shall explain why such discovery is likely to lead to a genuine issue of material fact. Plaintiffs shall further show good cause for not having discovered the essential facts sooner and shall summarize the efforts that have previously been made to obtain those facts. In particular, Plaintiffs shall explain why discovery regarding negotiation, award and performance of the fuel contracts was not obtained during nearly three years of discovery, and how such discovery is material to a determination by the Court regarding the issues of waiver and/or estoppel. Finally, Plaintiffs shall estimate the amount of time necessary to complete the discovery required to respond to Defendant's motion for summary judgment. Should the Court grant Plaintiffs' Revised Motion Pursuant to RCFC 56(f), the Court will set a deadline to complete the needed discovery and order Plaintiffs to file a supplemental response to Defendant's Motion to Dismiss the Second Amended Complaint following the end of the discovery period.

Further, Defendant's Motion to Dismiss the Second Amended Complaint is hereby STAYED pending a decision by the Court on Plaintiffs' Second Motion Pursuant to RCFC 56(f).

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge