IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEVRON U.S.A. INC., | ) | |
| And | ) | |
| TEXACO INC., | ) | |
| And | ) | |
| TEXACO DOWNSTREAM LLC, | ) | No. 03-288C<br>(Chief Judge Damich) |
| Plaintiffs, | ) | |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's September 22, 2006 Order, Plaintiffs, Chevron U.S.A. Inc., Texaco Inc., and Texaco Downstream LLC (collectively "Chevron"), and Defendant, the United States, respectfully submit the following Joint Status Report addressing the course of further proceedings in this matter.

Both parties request that the stay in this case be continued until issuance of the mandate in *ConocoPhillips v. United States*, No. 2007-5004 (Fed. Cir.). The parties believe that the Federal Circuit's decision in *ConocoPhillips* may provide useful guidance to this Court and the parties concerning further proceedings in this matter. The parties therefore believe that it is in the interest of "the just, speedy, and inexpensive determination" of this case that it remain stayed pending issuance of the mandate in *ConocoPhillips*. RCFC 1.

On November 21, 2006, the Court inquired concerning the possibility of Chevron completing the discovery needed to respond to Defendant's motion for summary judgment during the ongoing appeal in *ConocoPhillips*. Both parties are of the view that the Federal Circuit's resolution of *ConocoPhillips* may provide useful guidance concerning the nature and scope of the discovery needed to resolve Defendant's motion. The parties also believe that a substantial portion of any discovery required here also may be required to resolve Defendant's motion in other similar cases and that it would be more efficient and less expensive to conduct that discovery in all of the cases at the same time (based on informal cooperation of the parties) rather than to conduct that discovery separately here. Accordingly, the parties propose that any discovery be deferred until after the mandate issues in *ConocoPhillips*.

If, however, the Court determines to proceed with discovery during the ongoing appeal in *ConocoPhillips*, the parties set forth separately below their views on the scope and timing of that discovery.

**Chevron's Views on the Scope and Timing of Discovery**

In the Court's September 7, 2006 Opinion and Order, the Court found that "the sole grounds for Defendant's motion for summary judgment are waiver and estoppel." (Order at 3.) Chevron therefore understands the Court's recent inquiry about discovery to be addressed to the discovery required to respond to Defendant's motion for summary judgment on waiver and estoppel.

Waiver requires the "intentional relinquishment of a known right." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). "It is a well established rule of law that 'waivers of rights must be voluntary, knowing and intelligent acts done with sufficient awareness of the relevant

circumstances and likely consequences.'" *A Olympic Forwarder, Inc. v. United States*, 33 Fed. Cl. 514, 521 (1995); *see also Gen. Eng'g & Machine Works v. O'Keefe, 991 F.2d 775, 781 (Fed. Cir. 1993) ("[t]here can be no waiver or estoppel without evidence of knowledge").*

Resolution of Defendant's motion for summary judgment therefore requires the Court to determine what Chevron knew about the prices Defendant set under the military fuel contracts, when it knew it, and what, if any, rights Chevron intended to relinquish. *Id*. Because all of these issues presumably will be disputed, it will be necessary to establish the course of dealing between the parties with respect to the fuel contracts and the prices Defendant set under them.

Thus, by way of illustration, Chevron's claims of misrepresentation and mistake are inextricably linked to Defendant's waiver defense, for waiver, with its attendant requirement of knowledge, cannot be found in the presence of misrepresentation or mistake.[1] Moreover, considerations of estoppel, to the extent that they are even applicable here, are essentially considerations of unfairness and reliance.[2] These issues as well cannot be resolved outside of the broader context of the parties' course of dealing.

Accordingly, in order to resolve Defendant's motion for summary judgment, Chevron requires full discovery concerning the parties' course of dealing with respect to the fuel contracts

---

[1] *See also* Tylor Bank v. Truck Ins. Exch., 51 F.3d 736, 740 (7th Cir. 1995) (finding no waiver because "there is no evidence that [the bank] knew that the checks had not been properly made payable to the bank") (Posner, J.); *John Deere Indus. Equip. v. Triple Cities Equip., Inc.*, 646 F. Supp. 114, 116-17 (N.D.N.Y. 1986) ("In the absence of [] knowledge [of the breach], there can be no waiver of [the] breach."); Joseph Perillo, *Calamari And Perillo On Contracts* at 458 (5th ed. 2003) ("The party waiving must know or have reason to know the fact giving rise to the failure of condition."); *Restatement (Second) of Contracts* § 93 ("A promise within the terms of §§ 82-85 [including a promise of waiver under section 84] is not binding unless the promisor knew or had reason to know the essential facts of the previous transaction to which the promise relates. . . .").

[2] *See generally E. Walters & Company v. United States*, 576 F.2d 362 (1978).

and the prices Defendant set under those contracts. This discovery includes, but is not necessarily limited to, the following:

1. Full written and deposition discovery concerning the solicitation, award and performance of the fuel contracts.

2. Full written and deposition discovery concerning Defendant's fuel prices, including discovery concerning the parties' understanding and expectation of how Defendant would set prices and their understanding and expectation of the relationship of those prices to the marketplace.

This discovery would include discovery from Defendant as well as its present and former employees and discovery from former employees of Chevron. In the absence of any prior discovery in this matter, Chevron is not in a position to bind itself concerning representations about the documents or individuals with respect to which it will require discovery.3 Given that this case involves three companies and 39 contracts covering 18 years, Chevron believes it will take one year to complete this discovery.

---

[3] The Court's April 22, 2003 order initially staying this case permitted discovery of documents relating to award and performance of the fuel contracts. Neither party, however, pursued such discovery. Chevron did not pursue discovery because neither counsel of record nor anyone from his firm received the ECF notification of entry of the order from the clerk's office and thus counsel was not aware of the order. Confirmation of the absence of receipt of this notification, based on review of the back-up tapes from counsel's firm, is set forth in the Declaration of Roger Ransom, which is attached as Exhibit 1.

**Defendant's Views on the Scope and Timing of Discovery**

The Court has asked about the "possibility of Plaintiff completing any needed discovery in order to respond to Defendant's motion for summary judgment during the ongoing appeal in ConocoPhillips." However, as the Court established in its order of September 7, 2006, plaintiff has not established its entitlement to any discovery. Other judges of this Court, entertaining virtually-identical complaints and RCFC 56(f) motions as those filed here, have agreed, including in ConocoPhillips v. United States, 73 Fed. Cl. 46, 56 (2006), La Gloria v. United States, 72 Fed. Cl. 544, 579 (2006), and Tesoro v. United States, No. 02-704C, slip op. at 30 (Fed. Cl. September 29, 2006) (notices of appeal now have been filed in all of these cases). Notably, those cases were decided without the discovery plaintiff has sought in this case. Moreover, if these cases are affirmed on their merits, the Government's alternative defense of waiver, the basis upon which Chevron asserts its interest in discovery, above, will not be necessary. Accordingly, there is no need for discovery at this time. And, even if the Court were to conclude, at a later date, that Chevron is entitled to discovery, the scope of that discovery would, necessarily, be dependent upon the decision of the United States Court of the Federal

Circuit concerning the related appeals now before it. Thus, defendant agrees with plaintiff that the stay should remain in place until a mandate issues in the ConocoPhillips appeal, or one of the other related appeals.

Respectfully submitted,

s/ J. Keith Burt
J. Keith Burt
Mayer, Brown, Rowe & Maw, LLP
1909 K Street, N.W.
Washington, D.C. 20006
(202) 263-3208 (Phone)
(202) 263-5308 (Fax)

Attorneys for Plaintiff,
Chevron U.S.A. Inc., Texaco Inc.,
and Texaco Downstream LLC

Dated: December 7, 2006

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director
Commercial Litigation Branch
Civil Division
United States Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 616-2311 (Phone)
(202) 353-7988 (Fax)

Attorneys for Defendant,
The United States

*Of Counsel:*

HOWARD. M. KAUFER
DONALD S. TRACY
Assistant Counsel
Office of General Counsel
Defense Energy Support Center
Fort Belvoir, VA 22060

Dated: December 7, 2006

Exhibit 1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEVRON U.S.A., INC., and TEXACO, INC., and TEXACO DOWNSTREAM LLC, Plaintiffs, vs. THE UNITED STATES, Defendant. | ) | No. 03-288C (Chief Judge Damich) |

**DECLARATION OF ROGER B. RANSOM**

1. My name is Roger B. Ransom. I am currently employed as a Server Operations Analyst in the Information Services Department at Mayer, Brown, Rowe & Maw LLP ("MBR&M"). In this position, my responsibilities include monitoring the Firm's backup system, restoring data, and providing second level Help Desk support.

2. On September 19, 2006, I was asked to determine whether an e-mail dated April 22, 2003, from the U.S. Court of Federal Claims ("Court") was received by any of the four MBR&M attorneys and other personnel identified as addressees in the e-mail. Those four individuals were J. Keith Burt, Adrian L. Steel, Jr., Carla Hellwig, and Darlene Hayes. A copy of the e-mail (which I understand was obtained from counsel for the United States in this case) is attached to this Declaration.

3. The steps which I undertook in order to determine whether the April 22, 2003 e-mail was received by any of the four MBR&M individuals are as follows:

(a) Initially, I confirmed that each individual's e-mail address as reflected in the Court's e-mail was accurate. I determined that they were accurate.

(b) Then, because each of these individuals' electronic mailboxes is in a storage group on MBR&M's backup data tapes, I identified the relevant storage group for each individual.

(c) I then determined that I would review both April 22, 2003, and April 23, 2003, in order to determine if the Court's e-mail was received by any of the four MBR&M individuals.

(d) In conducting the search, I used ONTRACK, a software package which is designed to retrieve backup data. ONTRACK identifies which backup tape the individual MBR&M user's mailbox is on.

(e) Once I had identified the backup data tapes for each of the four MBR&M individuals' mailboxes, I loaded those tapes onto my computer and located each individual's inbox. I then loaded those inboxes onto my computer and searched for the Court's April 22, 2003 e-mail.

(f) My review of each of the four MBR&M individuals' inboxes for those two dates indicates that none of them received the April 22, 2003 e-mail from the U.S. Court of Federal Claims.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 27, 2006.

Roger B. Ransom

STATE OF ILLINOIS )
)
COUNTY OF Cook )

Roger B. Ransom, being duly sworn, deposes and says that he has read the foregoing Declaration, knows the facts asserted there are true and that the same are true as stated.

Roger B. Ransom

Subscribed and sworn to before me this 27 day of October, 2006.

Notary Public of Illinois

My Commission expires: 9-24-2008

"OFFICIAL SEAL"
Nicholas C. Listermann
Notary Public, State of Illinois
My Commission Exp. 09/24/2008